[No. A032388. First Dist., Div. Four. Aug. 29, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
ABE COFFMAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Parts II and IV through VI of this opinion are not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)

**COUNSEL**

Donald S. Altschul, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Dane R. Gillette and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDERSON, P. J.**—Abe Coffman (appellant) appeals from a judgment of conviction for possession of a firearm by an ex-felon under Penal Code section 12021.[1] Appellant contends that the judgment must be reversed and, alternatively, that the matter must be remanded for resentencing. We find no reversible error and therefore affirm the judgment.

### I. *Facts*

While taking a missing child report on the second floor of 159 Blythdale, Officer Justin Madden looked out a window and observed appellant walking with a revolver in his hand. The officer saw appellant turn and point the gun at Yolanda Alexander who was walking behind him. Officer Madden testified that Yolanda had a frightened look on her face. Appellant then turned and walked out of the officer's view.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

When Officer Madden left to investigate, he heard a gunshot and, upon reaching the street, saw appellant leaving 262 Blythdale. The officer took appellant into custody but found no weapon on him. Officer Madden asked appellant about the location of the gun; appellant denied having a gun at all. The officer then entered 262 Blythdale; he found no victims but did locate the revolver in the top dresser drawer in appellant's bedroom.

At trial appellant testified that he was employed as a security guard at Little Village Market. A fellow employee had shown appellant a revolver which was cocked and frozen between chambers. Appellant's employer instructed him to "fix" the gun which, according to another employee, belonged to the store.

Appellant testified that he did not fix the gun while in the store because it might "go off and hit some innocent person." He therefore decided to take the gun to his residence. Appellant gave Yolanda a ride to his apartment since she needed to use a bathroom and there was no public bathroom at the market. He stated that after parking his van, he gestured for Yolanda to follow him but never pointed the gun at her.

As appellant stood outside his front door and tried to unjam the frozen gun chambers, the gun went off. Appellant then went inside, put the gun on the bed and said he was leaving to get someone from the store to retrieve the gun. Appellant "didn't want to be bothered with it anymore" since he was on probation and "wasn't supposed to have any guns period." At the request of Mary McGhee, a woman living with appellant, he placed the gun in the dresser drawer.

Appellant was convicted by jury for possession of a firearm by an ex-felon. The trial court sentenced him to the upper term of three years. Appellant contends that the judgment must be reversed since the trial court erred (1) in denying his motion to suppress the firearm seized by the officer; (2) in denying his motion to exclude evidence of a prior section 12021 conviction; and (3) in accepting a guilty verdict where appellant lacked criminal intent and when his possession of the gun was justified by temporary necessity. Alternatively, appellant maintains that the case must be remanded for resentencing since the trial court erred in imposing the upper term despite a preponderance of mitigating circumstances.

II. *Motion to Suppress**

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1539.

### III. *Motion to Exclude Prior Conviction*

The trial court denied appellant's motion to stipulate to ex-felon status or to bifurcate the proceedings with respect to the underlying felony conviction. Accordingly, the trial court permitted proof of a 1980 conviction for violation of section 12021. The court instructed the jury that this evidence could be used (1) to determine the credibility of appellant's testimony and (2) to support the element of felony conviction in the instant section 12021 charge.

Given his offer to stipulate, appellant contends that evidence of his prior conviction under section 12021 was irrelevant and therefore inadmissible under *People* v. *Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826]. Appellant also argues that his prior conviction was inadmissible for purposes of impeachment under *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111] since it did not involve moral turpitude.

*Hall* held that when a prior felony conviction is an element of a charged offense, the defendant must be permitted to stipulate to its existence outside of the jury's presence. (*People* v. *Hall, supra,* 28 Cal.3d at p. 152.) The trial court here found that article I, section 28, subdivision (f) of the California Constitution overrules the holding in *Hall.* Adopted by the voters in 1982 as part of Proposition 8, this subdivision provides: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is *an element of any felony offense,* it shall be proven to the trier of fact in open court." (Italics added.)

While the trial court's reasoning is wholly consistent with the language of subdivision (f) and with the case law at the time of the ruling (see *People* v. *Callegri* (1984) 154 Cal.App.3d 856, 867 [202 Cal.Rptr. 109]), the California Supreme Court has just recently held otherwise. **(1)** In *People* v. *Valentine* (1986) 42 Cal.3d 170, 181-182 [228 Cal.Rptr. 25, 720 P.2d 913] the court held that "the 'proof in open court' provision of Proposition 8 overrules *Hall* to the extent *Hall* precludes disclosure of stipulated ex-felon status to a jury trying a charge, such as violation of section 12021, as to which such status is an element. [Fn. omitted.] On the other hand, Proposition 8 does not require the nature of prior convictions to go to the jury in such a case, since that information is utterly irrelevant to the charge. Disclosure of the nature of the priors remains error in post-Proposition 8 trials. [Fn. omitted.]"

Respondent urges us to find that appellant waived any *Valentine* error because he did not specifically request the trial court to "sanitize" his prior

conviction. However, appellant did seek the remedies established in *Hall* (stipulation) and *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644 [174 Cal.Rptr. 191] (bifurcation) even though he did not expressly ask the trial court to admit only the fact of his prior conviction. We fail to see how this request is distinguishable from the equally vague objection made in *Valentine*.

Quoting from the trial record, the *Valentine* court noted that counsel had merely "stated that defendant 'would stipulate to the prior conviction[s] and request that the Court order that either the Court could generally explain to the jury what the charges are, or in some way sanitize this *so that the jury is not informed that [defendant] had a prior conviction.*'" (*People* v. *Valentine*, *supra*, 42 Cal.3d at p. 176, original brackets, italics added.)

The defendant in *Valentine* used the word "sanitize" to refer to a procedure in which the jury would not hear *any* evidence concerning his prior conviction. The plain meaning of counsel's request does not encompass the fact-nature distinction later drawn by the Supreme Court. If anything, counsel's alternative suggestion that the trial court "generally explain to the jury what the charges are" appears contrary to the Supreme Court's eventual holding that admission of the nature of the prior was error. Based on these facts from *Valentine,* we cannot attribute any significance to appellant's failure to utter the magic word "sanitize."[3]

█ Since herein appellant offered to stipulate to his ex-felon status and objected to proof of his prior conviction, *Valentine* compels us to find error in the trial court's denial of the motion to exclude. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

As to the possible prejudicial effect of this error we may distinguish the present case from the circumstances in *Valentine*. There, the Supreme Court noted that had the trial court ruled correctly on the motion to stipulate, Valentine "could have prevented disclosure of the nature of his prior offenses

---

[3]Respondent cites a pre-Proposition 8 case from this court—*People* v. *Piper* (1980) 103 Cal.App.3d 102, 110 [162 Cal.Rptr. 833]—which did distinguish admission of the fact of a prior conviction from admission of its nature. Even in *Piper,* however, counsel for the defendant "offered to stipulate that Piper had been convicted of a felony and argued that the jury should *not be informed* of the prior conviction." (*Id.,* at p. 109.) Counsel thus did not employ the word "sanitize"—indeed, his objection was far less specific than that in the present case.

Moreover, *Piper* did not hold that admission of the nature of a prior conviction would always constitute error under pre-Proposition 8 law. Rather, *Piper* left trial courts free to exercise their discretion to admit all aspects of a prior conviction where there would be no danger of "undue prejudice." (*Ibid.*)

by declining to testify." (*People* v. *Valentine, supra,* 42 Cal.3d at p. 183.) The court emphasized that Valentine's testimony "was *hardly crucial to his defense.*" (*Ibid.,* italics added.)

Here, appellant raised no objection to the introduction of a prior conviction for vehicle theft (Veh. Code, § 10851) to impeach his testimony at trial. The trial court expressly found that the Vehicle Code section 10851 prior involved moral turpitude. In the presence of this more serious conviction, the juror's knowledge of the nature of the section 12021 prior could have exerted little independent influence on their assessment of credibility.

Unlike Valentine, appellant could not have prevented disclosure of the impeaching felony conviction (i.e., Veh. Code, § 10851) by declining to testify; he had to testify herein. Appellant's defense to the instant section 12021 charge turned on the holding in *People* v. *King* (1978) 22 Cal.3d 12, 24 [148 Cal.Rptr. 409, 582 P.2d 1000]. In line with *King,* the trial court instructed the jury that "a person does not violate section 12021 and/or 12031 of the Penal Code by being in possession of a loaded firearm on a public street if: [¶] He, as a reasonable person, had grounds for believing and did believe that he or others were in imminent peril of great bodily harm; and [¶] Without preconceived design on his part, the firearm was made available to him; and [¶] His possession of the weapon was temporary and for a reasonable period of time; and [¶] He did not actively use said firearm in a manner not related to the imminent peril that he was initially confronted with."

An indispensable element of appellant's defense thus consisted of a subjective personal belief "that he or others were in imminent peril of great bodily harm." Apart from appellant's own statements at trial, Mary McGhee testified that appellant, upon his return to the apartment, had told her that "he brought it [the gun] up from the store because there was [*sic*] too many people down at the store, so he brought it up to unjam it."

Although a highly imaginative juror might have inferred a belief of imminent peril from this hearsay statement, it is implausible that—in the absence of error—appellant would have chosen to remain silent at trial and to rest his defense on this one shred of suspect testimony. *Conclusive* evidence as to a person's state of mind may come only from that person himself.

Appellant, unlike his counterpart in *Valentine,* would have had to testify at trial even in the absence of *Valentine* error. He could not have avoided disclosure of the Vehicle Code section 10851 prior without irreparably damaging his *King* defense to the section 12021 charge. Under these cir-

cumstances, it is not reasonably probable that a verdict more favorable to the defendant would have been returned had the error not occurred. (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## IV.-VI.*

. . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Channell, J., and Sabraw, J., concurred.

A petition for a rehearing was denied September 18, 1986, and appellant's petition for review by the Supreme Court was denied November 19, 1986.

---

*See footnote, *ante*, page 1539.