Filed 10/19/21  P. v. Rios CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOSE MIGUEL RIOS,<br><br>        Defendant and Appellant. | F080813<br><br>(Super. Ct. No. F19900231)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Jake Stebner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and F. Matt Chen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

Defendant Jose Miguel Rios stands convicted of a misdemeanor and three felonies, including possession of a firearm by a felon. He contends on appeal that the prosecutor engaged in misconduct by causing the jury to discover that defendant was a convicted felon when he included a reference to defendant's felon status in a verdict form after the parties stipulated that defendant was a felon and agreed to omit any reference to defendant's felon status.[1] The People acknowledge that it was inconsistent with the trial court's in limine ruling to include defendant's felony status in a verdict form, however, they contend that any error was harmless. We affirm.

## PROCEDURAL SUMMARY

On September 24, 2019, the Fresno County District Attorney filed an information charging defendant with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1);[2] count 1), two counts of possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a)(1); counts 2 & 3), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 4). The information further alleged that defendant had served two prior prison terms (§ 667.5, subd. (b)).

On January 7, 2020, the parties stipulated that defendant had suffered a felony conviction within the last 10 years and was therefore not permitted to possess a firearm or ammunition.

On January 8, 2020, a jury found defendant guilty on all counts. On the same date, the trial court dismissed the prior prison term allegations on the People's motion.

---

**1** Alternatively, defendant argues that, even if his claim of prosecutorial misconduct is forfeited, it is appropriately reviewed as a claim of ineffective assistance of counsel. As a second alternative, defendant argues that if his primary claim is forfeited and we find no ineffective assistance of counsel, the admission of his felon status is nevertheless reversible trial error. Because we address defendant's claim on its merits, we do not reach his arguments in the alternative.

**2** All further statutory references are to the Penal Code.

2.

On February 7, 2020, the trial court sentenced defendant to an aggregate term of three years as follows:  on count 1, three years (the upper term); on counts 2 and 3, three years (the upper term) to be served concurrently with the term on count 1; and on count 4, defendant was awarded credit for time served.[3]

On February 21, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On December 21, 2018, at about 1:30 a.m., Parlier Police Officer Edgar Martinez was on patrol when he saw defendant and another man in a vehicle travelling eastbound without a license plate.  He also noticed that the other man, who was driving the vehicle, was talking on a cell phone.  Martinez activated the emergency lights and siren on his patrol vehicle and attempted to initiate a vehicle stop.  The vehicle continued to drive eastbound, made a northbound turn, and continued to drive for approximately 15 to 20 minutes.  As the vehicle fled, defendant and the other man threw items out of the driver and passenger windows.  Martinez could not tell what the items were, but he noted the intersections where they were thrown from the vehicle.  The vehicle chase ended in the city of Selma when officers used spikes to stop the fleeing vehicle.

When the vehicle came to a rest, defendant and the other man exited the vehicle through the passenger door and ran to a nearby apartment complex.  As defendant ran, he

---

[3]    The minute order from defendant's sentencing reflects that the trial court imposed a "report fee" pursuant to section 1203.1b.  However, the trial court's oral pronouncement did not include an order for imposition of any such fee.  When a discrepancy exists between a minute order and a court's oral pronouncement, the court's oral pronouncement controls.  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.)  The sentencing minute order must therefore be amended to accurately reflect the trial court's oral pronouncement of judgment.  The fee must also be stricken because the remaining "balance of any court-imposed costs pursuant to … [s]ection 1203.1b" became "unenforceable and uncollectable" as of July 1, 2021.  (§ 1465.9, subd. (a); Assem. Bill. No. 1869 (2019–2020 Reg. Sess.; Stats. 2020, ch. 92, § 62.)

held a hand to his chest or stomach area as though he was holding something.**4**
Defendant and the other man then jumped over a small fence about 50 feet from the vehicle. Defendant continued to run, but the other man fell. Martinez apprehended the other man and lost sight of defendant as he ran behind an apartment. Martinez relayed defendant's description to other officers. Soon after, Parlier Police Officer Dominik Mendez apprehended defendant after chasing him to a different apartment complex.

Martinez searched the vehicle and the surrounding area. He found 10 shotgun shells in the rear driver side seat of the vehicle. Martinez also found a shotgun about 100 feet from the vehicle in the direction defendant had run, in approximately the location where Martinez had lost sight of defendant. Martinez had detained the other man before he was able to reach the area where the shotgun was found. Martinez noted that the lawn sprinklers had recently run in the area and the ground was wet, but the top of the shotgun was dry. That suggested to Martinez that the shotgun was recently left in that location.

Parlier Police Detective Johnathan Pierro heard Martinez call over the police radio that defendant and the other man where throwing items out of the windows during the vehicle pursuit. Pierro drove to the location indicated by Martinez and found multiple rounds of pistol and shotgun ammunition discarded on the side of the road. The ammunition was shiny and did not appear to be dirty; it did not appear to have been at the location for a long period of time. Pierro said the ammunition all appeared to be live ammunition. Pierro knew the area; ammunition of that type and quantity was not commonly discarded on the road.

## DISCUSSION

The parties stipulated at trial that defendant was a person prohibited from possessing firearms or ammunition because of his prior convictions. As a result of the

---

**4** Martinez did not include that information in his report.

stipulation, the parties agreed and the court ordered that no mention be made of defendant's felon status or history of incarceration.[5] Nevertheless, the verdict form for count 1, which the prosecutor prepared, described the offense as "[p]ossession of a firearm by a felon." No other mention was made of defendant's felon status or history of incarceration. The verdict forms for counts 2 and 3 described the offenses as "[p]ossession of [a]mmunition [b]y [a] [p]erson [p]rohibited from [o]wning a [f]irearm."

Defendant contends that the characterization of the offense as "possession of a firearm by a felon" in the verdict form on count 1 constituted reversible error. As a threshold matter, the People argue that defendant's claim is forfeited. On the merits, the People agree that, pursuant to the trial court's in limine ruling, the verdict form should not have included any reference to defendant's felon status, but they contend that any error was harmless. We agree with the People that defendant's prosecutorial misconduct claim is forfeited and, in any event, any error was harmless.

### A. Forfeiture

" 'A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court. [Citations.]' " (*In re N.O.* (2019) 31 Cal.App.5th 899, 935.) Our Supreme Court has repeatedly applied the forfeiture rule in the context of purportedly erroneous verdict forms. (*People v. Johnson* (2015) 61 Cal.4th 734, 784; *People v. Jones* (2003) 29 Cal.4th 1229, 1259; *People v. Bolin* (1998) 18 Cal.4th 297, 330; *People v. Webster* (1991) 54 Cal.3d 411, 446.) Because defendant's counsel did not voice a specific objection based on the inclusion of the word "felon" in the verdict form, the issue is forfeited. (See *People v. Scott* (1994) 9 Cal.4th 331, 351–352.)

---

[5]    The trial court advised defendant that if he testified his prior convictions may be admitted.

Contrary to defendant's argument, suggestion of a defendant's felon status was not so grave an error that it could not have been corrected by a curative instruction to the jury and an amendment to the verdict form. (See *People v. Valdez* (2004) 32 Cal.4th 73, 124–125 [reference to state prison custody implying defendant's felon status "was not so grave that a curative instruction would not have mitigated any possible prejudice to defendant"].)

**B. Merits**

Even overlooking defendant's forfeiture of the argument regarding erroneous inclusion of the word "felon" on the verdict form on count 1, any error was harmless.[6]

The parties disagree on the appropriate standard of prejudice in this situation. The People characterize this situation as akin to a juror's inadvertent consideration of inadmissible evidence or a trial court's erroneous admission of inadmissible evidence. They therefore contend that "reversal is not required unless there is a reasonable probability that an outcome more favorable to the defendant would have resulted." (*People v. Clair* (1992) 2 Cal.4th 629, 668.) On the other hand, defendant contends that we should review the error under the heightened harmlessness standard of *Chapman v. California* (1967) 386 U.S. 18, 24—reversal is required unless the error was harmless beyond a reasonable doubt—because the error had an impact on defendant's federal constitutional rights. Specifically, defendant contends (1) the introduction of his felon status rendered the trial fundamentally unfair resulting in a denial of his Fourteenth Amendment right to due process and (2) the promise that defendant's felon status would

---

[6]     Defendant does not contend that the verdict form was inaccurate such that the verdict cannot be understood. Defendant merely contends that the introduction of defendant's felon status through the verdict form was fundamentally unfair and prejudicial. (Cf. *People v. Johnson*, *supra*, 61 Cal.4th at p. 785 [" ' "Technical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice." ' "].)

be excluded unless he testified influenced defendant's decision not to testify in his own defense. We need not decide which standard applies because the error was harmless under either standard.[7]

Here, the jury may have inferred from the verdict form for count 1 that defendant had suffered a felony conviction. However, defendant's felon status was an element of count 1 and the parties stipulated to the fact of defendant's prior felony convictions. While evidence of defendant's felon status was excluded based on the trial court's in limine ruling, that evidence was not otherwise inadmissible. In fact, according to *People v. Sapp* (2003) 31 Cal.4th 240, 262, a trial court is "only [allowed] two options when a prior conviction is a substantive element of a current charge: Either the prosecution proves each element of the offense to the jury, or the defendant stipulates to the conviction and the court 'sanitizes' the prior by telling the jury that the defendant has a prior felony conviction, without specifying the nature of the felony committed." (Accord, *People v. Stewart*, *supra*, 33 Cal.4th at p. 478 ["[A] jury *must* be advised of a defendant's felon status when that status is … an element of the current charge." (Italics added.)].) Proof of defendant's felon status was *required*.[8] The trial court should not have substituted a stipulation that defendant was prohibited from possessing a firearm for the stipulation that would have been sufficient to meet the element—that defendant had

---

**7** We note that the *Watson* standard applies when felon status is an element of an offense and a trial court admits evidence of the *nature* of a prior conviction rather than the fact of the conviction. (*People v. Stewart* (2004) 33 Cal.4th 425, 477–478.)

**8** Defendant forfeited any claim that the evidence was insufficient to sustain the verdict by stipulating that he suffered prior felony convictions for purposes of count 1. (*People v. Pijal* (1973) 33 Cal.App.3d 682, 697 ["It is, of course, well established that the defendant is bound by the stipulation or open admission of his counsel and cannot mislead the court and jury by seeming to take a position on issues and then disputing or repudiating the same on appeal."]; *In re Francis W.* (1974) 42 Cal.App.3d 892, 903 [a party may not stipulate to or admit an essential fact or element in open court and then claim that the evidence on that point is insufficient].)

suffered a prior felony conviction.**9**  The suggestion contained in the verdict form that defendant suffered a prior felony conviction was harmless because proof of that element to the jury was required to have been presented to the jury.

Any error was also harmless because of the overwhelming strength of the evidence against defendant.  (*People v. Roberts* (2021) 65 Cal.App.5th 469, 478–479 [erroneous admission of evidence is harmless beyond a reasonable doubt where the evidence against defendant was overwhelming]; *People v. Shoemaker* (1982) 135 Cal.App.3d 442, 450.)  Martinez watched defendant and the other man in the vehicle throw items out of both windows of the vehicle.  Soon after, Pierro searched the area where items were discarded and discovered pistol and shotgun ammunition which appeared to be recently discarded.  Pierro testified that it was not usual for ammunition to be discarded in that area.  Martinez found shotgun ammunition in the back seat of the vehicle.  When defendant ran from the vehicle, Martinez saw defendant holding a hand to his chest or stomach area as though he was holding a firearm to his body.  Martinez then found a shotgun discarded near the place that he lost sight of defendant.  He believed the shotgun was recently discarded because the ground was wet but the top of the shotgun was dry.

Defendant contends that the evidence was not overwhelming because presentation of the evidence took only 40 minutes, but the jury deliberated for about two and one-half hours and asked a question regarding the type of ammunition found in the vehicle.  He relies on *People v. Woodward* (1979) 23 Cal.3d 329, 341–342, and *People v. Pearch* (1991) 229 Cal.App.3d 1282, 1295, for the proposition that lengthy deliberations and juror questions or requests for readback of testimony suggest the evidence in support of a conviction is not overwhelming.  However, as the People correctly note, in both

---

**9**      We also note that the mention of defendant's felon status in the verdict form did not suggest the nature of defendant's felony conviction.  (Cf. *People v. Valentine* (1986) 42 Cal.3d 170, 173 [the nature of a prior conviction should be withheld from jury where defendant admits ex-felon status].)

*Woodward* and *Pearch* the court emphasized that the evidence in support of the verdicts was contradicted. (*Woodward*, at p. 341 [conflicting testimony regarding identity]; *Pearch*, at p. 1294 [conflicting testimony regarding whether the victim voluntarily accompanied the defendants or was kidnapped]; see *People v. Southard* (2021) 62 Cal.App.5th 424, 438–439.) In the absence of some conflicting evidence, we do not infer from a lengthy deliberation that the evidence presented created a close case. "Instead, … the length of the deliberations could as easily be reconciled with the jury's conscientious performance of its civic duty, rather than its difficulty in reaching a decision." (*People v. Walker* (1995) 31 Cal.App.4th 432, 439.) Here, no evidence contradicted Martinez and Pierro's accounts. We do not infer from the length of the jury's deliberation in this case that the jury found the matter presented a close case. The evidence of defendant's guilt was overwhelming.

Any error in including defendant's felon status in the verdict form on count 1 was harmless beyond a reasonable doubt.

## DISPOSITION

The judgment is affirmed.

The minute order erroneously reflecting imposition of a fee pursuant to section 1203.1b is stricken. The trial court is directed to prepare an amended minute order correctly reflecting the trial court's oral pronouncement of sentence. The trial court is further directed to forward a copy of that amended minute order to the appropriate entities.