[No. A105479. First Dist., Div. Five. Mar. 23, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS ALBERTO CAJINA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the Background, and parts I. and II. of this opinion are not certified for publication.

## COUNSEL

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

JONES, P. J.—Luis Alberto Cajina appeals his conviction by jury trial of failure to complete his annual registration as a sex offender and failure to register within five days of changing his address. (Pen. Code, § 290, subd. (a)(1)(A) & (D).[1]) The key issue in the case was not whether he failed to register, but whether that failure was willful pursuant to section 290, subdivision (g)(2). On this issue, he asserts instructional error.

Prior to trial, appellant sought to exclude evidence of the nature of the prior conviction giving rise to his duty to register as a sex offender by offering to stipulate that he had suffered a conviction that subjected him to the registration requirements. He argued his status as a sex offender thereby became irrelevant. The trial court rejected his offer. In the unpublished portion of our opinion, we address the claim of instructional error; in the published portion, we reject his claim of evidentiary error.

### BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further section references are to the Penal Code.

[*] See footnote, *ante,* page 929.

## DISCUSSION

I., II.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Nature of Prior Conviction*

Appellant contends the court erred in denying his motion in limine to delete any mention of his status as sex offender to the jury.

Prior to jury selection, the court heard appellant's motion to sanitize his prior conviction of section 261 by which he sought an order that the People make no reference to that conviction in any of the exhibits they intended to offer into evidence or if they used the conviction for impeachment. Relying on Evidence Code section 352, appellant argued that categorizing him as a "sex offender" was unduly prejudicial when the only question for the jury was whether he had complied with the registration requirements. He offered to stipulate that he had a statutory duty to register and to stipulate to the requirements included in the registration statute, without any reference to the basis of his obligation. Alternatively, he offered to stipulate that he had a statutory duty to register because of "a felony conviction." The People agreed not to refer to the particular offense, but objected to deleting any reference to his "sex offender" status, insofar as one element they had to prove was his knowledge of the requirements specific to sex offenders. The court denied his motion to allow the People to prove their case, "which is that he has a prior conviction for a sexual offense and there are strict standards for registration based on that conviction." It agreed to sanitize the prior conviction by having it referred to only as a "sexual offense."

Relying on *People v. Valentine* (1986) 42 Cal.3d 170, 177 [228 Cal.Rptr. 25, 720 P.2d 913] (*Valentine*), and its progeny, appellant argues that disclosure of the nature of his prior offense was irrelevant to the issue of failure to register and was thus prejudicial. In *Valentine*, the defendant was charged with possession of a concealable firearm by an ex-felon. (*Id.* at p. 176; § 12021.) He offered to stipulate to the prior conviction and asked the court to sanitize the current charge so the jury would not be informed of the fact of his prior conviction. The trial court refused, on the ground that full disclosure of the nature of the

---

[*]See footnote, *ante*, page 929.

prior conviction is required by California Constitution, article I, section 28, which states: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

■ *Valentine* held that this constitutional provision requires the jury to be advised that the defendant is an ex-felon where such status is an element of the current charge. (*Valentine, supra,* 42 Cal.3d at p. 173.) However, if the defendant stipulates to being an ex-felon, evidence of the nature of his prior conviction should be withheld from the jury because such evidence is irrelevant to the ex-felon issue. (*Ibid.*; see also *People v. Stewart* (2004) 33 Cal.4th 425, 478 [15 Cal.Rptr.3d 656, 93 P.3d 271].)

■ Here, appellant was not charged with an offense in which an element was simply "ex-felon" status. A critical element of section 290 is conviction of an enumerated sex offense; there can be no violation of this statute absent sex offender status. ■ There is a strong policy against depriving the People's case of its persuasiveness and strength by forcing the prosecutor to accept stipulations that soften the impact of the evidence in its entirety. (*People v. McClellan* (1969) 71 Cal.2d 793, 802 [80 Cal.Rptr. 31, 457 P.2d 871] (*McClellan*).) Thus, prosecutors are not required to stipulate to the existence of any elements of the crime they are trying to prove where the stipulation will impair the effectiveness of their case and foreclose their options to obtain convictions under differing theories. (*People v. Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710].) For example, in *Robles*, where the charge was assault with a deadly weapon by a person serving a life sentence (§ 4500), the prosecutor, who was required to prove that the defendant was a life prisoner, was not required to accept the defendant's pretrial stipulation that he was serving a life sentence. (*Robles*, at pp. 212–213.)

■ The rule that the state cannot be restricted by stipulations in presenting its case is particularly compelling when the likely effect of a stipulation that removes certain matters from the trial is to hamper a coherent presentation of the remaining issues. (*McClellan, supra,* 71 Cal.2d at p. 802; *People v. Poon* (1981) 125 Cal.App.3d 55, 79 [178 Cal.Rptr. 375].) In a charge of violating section 290, the People must prove the defendant knew he or she was obligated to comply with an extremely stringent set of requirements, including annual, lifelong registration. If the jury is not informed why this defendant is subject to such a seemingly onerous obligation, the People, as the instant prosecutor aptly observed, would "look overbearing."

■ Justice Souter's discussion in *Old Chief v. United States* (1997) 519 U.S. 172 [136 L.Ed.2d 574, 117 S.Ct. 644] of the general rule that entitles the prosecution to prove its case by its own evidence and precludes the defendant from stipulating his way out of the full evidentiary force of the case the prosecution chooses to present is germane. "[T]he 'reason for the rule is to permit a party "to present to the jury a picture of the events relied upon. To substitute for such a picture a naked [stipulation] might have the effect to rob the evidence of much of its fair and legitimate weight." ' [Citation.] [¶] . . . This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them. . . . When a juror's duty [seems] hard, the evidentiary account of what a defendant has . . . done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a jury's obligation to sit in judgment. Thus, the prosecution may fairly seek to place its evidence before the jurors . . . to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault. [Citation.] [¶] [There is also] the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be. . . . 'If [jurors'] expectations are not satisfied, triers of fact may penalize the party who disappoints them by drawing a negative inference against that party.' [Citation.] . . . [¶] . . . People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard." (*Id.* at pp. 187–189.)

In the case of a violation of section 290, we agree that the jury need not be informed of the defendant's specific sex offense conviction. However, unless the jurors are informed that the defendant's duty to register derives from his status as a sex offender, they will be unaware of the public policy underlying the registration statute: assuring that persons convicted of sex offenses are readily available for police surveillance at all times because the Legislature has deemed them likely to commit similar offenses in the future. (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101].) If the jury lacks a basis for the reason the state subjects certain people to registration requirements, there is the risk it will view the People's case as an oppressive, unnecessary intrusion on the defendant's liberty, resent the People for prosecuting it, and consequently refuse to consider whether the defendant's failure to register was sufficiently morally blameworthy to warrant punishment.

## DISPOSITION

The judgment is affirmed.

Stevens, J., and Simons, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 22, 2005.