# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 9, 2006 Session

## STATE OF TENNESSEE v. ROBERT J. WRIGGLESWORTH, JR.

**Interlocutory Appeal from the Circuit Court for Montgomery County**
**No. 40400787     Michael R. Jones, Judge**

---

**No. M2005-01841-CCA-R9-CO - Filed July 26, 2006**

---

The defendant, Robert J. Wrigglesworth, Jr., previously convicted in Texas for the offense of indecency with a child by contact, was indicted for violating Tennessee Code Annotated section 40-39-211(c) because of his residing at an address where a minor child also resided. He offered to stipulate that he was a sex offender as covered by this statute. The trial court concluded that the State was required to accept this stipulation and thus barred from proving that the defendant was a convicted sex offender or why it was unlawful for him to live in the same residence as a minor. The State filed a Rule 9 appeal. Following our review, we reverse the order of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

Timothy R. Wallace, Clarksville, Tennessee, for the appellee, Robert J. Wrigglesworth, Jr.

## OPINION

## FACTS

On October 4, 2004, the Montgomery County Grand Jury returned an indictment against the defendant, which stated as follows:

> That on or about the 4th day of August, 2004, and in the State and County aforesaid, ROBERT J. WRIGGLESWORTH, JR. unlawfully, feloniously and knowingly established a primary or secondary residence or any other living accommodation, to-wit: at 313 Crest Drive, Clarksville, Montgomery County, Tennessee, where a minor

child resided, while at the time he was a violent sexual offender or sexual offender as defined by TCA 40-39-202, same being prohibited by TCA 40-39-211(c), and triggered by a conviction in Bexar County, Texas on August 4, 1993 for the offense of Indecency With a Child By Contact, that if committed in the State of Tennessee would be classified as a violent sexual offense or sexual offense as defined by TCA 40-39-202(24) or TCA 49-39-202(16), in violation of TCA 40-39-211(c) and against the peace and dignity of the State of Tennessee.

Subsequently, on the morning the trial was to begin, the defendant offered to stipulate that he previously had been convicted of a sex offense as defined by Tennessee Code Annotated section 40-39-202. At a subsequent hearing on the matter, the defendant argued that he would be prejudiced if the State were allowed to present proof as to the specific offense of which he had been convicted:

[W]hen a defendant offers to stipulate to his prior convictions the names of the offenses should not be admitted into evidence because of the risk of unfair prejudice outweighs the probative value. Clearly, Your Honor, that would be the case with [the defendant] in this matter. I think that the jury hearing that would clearly outweigh any kind of probative value that the intend – carry on that.

The State argued the fact the defendant had been convicted of a sex offense was an integral part of its case:

It is the State's contention that a stipulation that the Defendant is a convicted sex offender must be introduced to the jury; the jury must be made aware of that; and that the jury must find all the elements of the crime beyond a reasonable doubt, including the fact – the element that he is a convicted sex offender as well as the element that he was residing with a minor.

Later, the trial court entered a written order providing that the defendant's stipulation removed the fact of his prior conviction from the jury's consideration, and it would not be instructed as to why the defendant was not allowed to reside with a minor:

If the defendant agrees or has agreed to stipulate that he is a sexual offender as defined by the statute, then the state must accept this stipulation. Should the state desire to read the indictment the state will be limited to reading:

That on or about the 4th day of August 2004, in the State and County aforesaid, Robert J. Wrigglesworth, Jr., unlawfully, feloniously and knowingly did reside where a minor child resided in violation of TCA 40-39-211(c) and against the peace and dignity of the State of Tennessee.

The Court will charge the jury that it is unlawful for this defendant to reside with a minor and will limit the proof to that one element. The court will fashion a

definition of reside as stated above. "Knowingly" will be instructed as follows: A person acts "knowingly" if that person acts with an awareness that his conduct is of a particular nature.

The indictment charges the defendant with establishing a primary or secondary residence, but the facts alleged include the words "where a minor resides" and further refers to Tennessee Code Annotated 40-39-211(c). The court believes that the violation alleged is residing with a minor and the other words are surplusage.

The State then filed its Rule 9 appeal as to this order.

## ANALYSIS

On appeal, the State argues that the trial court's ruling "effectively bars the State from carrying its burden of proving every element of the charged offense." The defendant responds that "when the defendant . . . offered to stipulate he was a convicted sex offender, a status element of the offense for which he was charge[d], the probative value of the evidence, . . ., is outweighed by the risk of unfair prejudice." As we will explain, we agree with the State that the trial court erred in its ruling.

In our analysis, we first will review the holding of State v. James, 81 S.W.3d 751 (Tenn. 2002), cited by both parties and relied upon by the trial court. In that matter, the defendant was charged with felony escape, an element of which was that he was incarcerated for a felony at the time of his escape. To prevent the jury from learning of the specific felonies of which he had been convicted, the defendant offered to stipulate that he had been incarcerated for a felony at the time of the escape. The State did not agree to this stipulation and, at the trial, presented testimony which identified each of the defendant's felony convictions. Our supreme court concluded that, upon the defendant's stipulation that he was incarcerated for a felony at the time of his escape, the State could not present proof as to his specific felony convictions:

> [W]e hold that when the sole purpose of introducing evidence of a defendant's prior convictions is to prove the status element of the offense, and when the defendant offers to stipulate his status as a felon, the probative value of the evidence is, as a matter of law, outweighed by the risk of unfair prejudice. Therefore, in this limited instance, the trial court should have accepted the defendant's stipulation in lieu of disclosing the names or nature of his previous convictions, as the latter evidence had little probative value and was likely to provoke the jury's prejudice.

Id. at 762.

In the present appeal, the defendant argued, and the trial court agreed, that the effect of the defendant's stipulation that he was a convicted sex offender, within the definition of Tennessee Code Annotated section 40-39-202, removed this element from the jury's consideration and resulted in its being instructed only that it was unlawful and felonious for him to reside in the same residence as

a minor child, but not being told the reason for this prohibition. We respectfully disagree with this interpretation of James, as we will explain.

The California Court of Appeals considered this same issue in People v. Cajina, 26 Cal. Rptr. 3d 171 (Cal. Ct. App. 2005), where the defendant had been charged with both failing to complete his annual registration as a sex offender and to register within five days of changing his address. Prior to the trial, he filed a motion in limine, seeking to bar the State from mentioning to the jury his status as a convicted sex offender. As the court explained, the defendant offered alternative stipulations, both of which would have prevented the State from making known to the jury his status as a convicted sex offender:

> He offered to stipulate that he had a statutory duty to register and to stipulate to the requirements included in the registration statute, without any reference to the basis of his obligation. Alternatively, he offered to stipulate that he had a statutory duty to register because of "a felony conviction."

Id. at 172.

In response, the State proposed not to refer to the specific offense for which the defendant in Cajina had been convicted "but objected to deleting any reference to his 'sex offender' status, insofar as one element they had to prove was his knowledge of the requirements specific to sex offenders." Id. The trial court declined to grant the motion in limine, and the defendant appealed.

Affirming the trial court's order, the California Court of Appeals explained that an element of the offense was not just the defendant's ex-felon status, but the specific fact that he had been convicted of an enumerated sex offense, saying that "there can be no violation of this statute absent sex offender status." Id. at 173. Stipulations such as those proposed by the defendant would, according to the court, "hamper a coherent presentation of the remaining issues" by the State and make the State "'look overbearing'" if not allowed to show "why this defendant is subject to such a seemingly onerous obligation." Id. While agreeing with the defendant that the jury need not be informed of his "specific sex offense conviction," the court explained why it was relevant that he had been convicted of a sex offense:

> [U]nless the jurors are informed that the defendant's duty to register derives from his status as a sex offender, they will be unaware of the public policy underlying the registration statute: assuring that persons convicted of sex offenses are readily available for police surveillance at all times because the Legislature has deemed them likely to commit similar offenses in the future. (Wright v. Superior Court (1997) 15 Cal. 4th 521, 527, 63 Cal. Rptr. 2d 322, 936 P.2d 101.) If the jury lacks a basis for the reason the state subjects certain people to registration requirements, there is the risk it will view the People's case as an oppressive, unnecessary intrusion on the defendant's liberty, resent the People for prosecuting it, and consequently refuse to consider whether the defendant's failure to register was sufficiently morally blameworthy to warrant punishment.

Id. at 174.

We will apply the James holding to the present appeal. In prosecuting James for felony escape, the State was required to prove that, at the time of his alleged escape, he was incarcerated for a felony. His offer to stipulate to this fact meant that the State did not have to present proof as to this element of the offense and had the practical effect of the jurors' not hearing proof as to the specific felonies of which he had been convicted. However, by the stipulation, James did not prevent the jurors from learning of his being incarcerated for a felony at the time of the alleged escape, for this status was an element of the offense. In the present appeal, the State was required to prove that the defendant was convicted not just of a felony, as had been the case in James, but that he had been convicted of a violent sexual offense or sexual offense, as defined by Tennessee Code Annotated section 40-39-202. The trial court erred in concluding that, by his stipulation, the defendant could remove this element of the indictment from the jury's consideration and, thus, prevent it from learning of the conviction or even of the stipulation itself. Since the defendant's status as a convicted sex offender is an element of the offense with which he is charged, the jury should be told of his specific stipulation and the State then would not be allowed to present proof of the offense for which he had been convicted.

## CONCLUSION

We conclude that the trial court erred in ordering that the State not be allowed to prove that the defendant previously had been convicted of a sexual offense. Thus, we remand this matter for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE

-5-