Filed 2/23/21  P. v. McKenzie CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RONALD MELVIN McKENZIE,<br><br>  Defendant and Appellant. | 2d Crim. No. B302242<br>(Super. Ct. No. GA101998)<br>(Los Angeles County) |

Ronald Melvin McKenzie appeals from the judgment after a jury convicted him of five counts of lewd acts on a child (Pen. Code,[1] § 288, subd. (a); counts 2–5 & 19), four counts of possession of child pornography with a prior conviction requiring registration under the Sex Offender Registration Act (§ 311.11, subd. (b); counts 6–9), and four counts of oral copulation or sexual penetration of a child under 10 years old (§ 288.7, subd. (b); counts 10, 13, 15, & 17).  The jury also found true an allegation

---

[1] Statutory references are to the Penal Code.

that McKenzie had previously been convicted of child molestation (§ 647.6).  The trial court sentenced him to 15 years to life in state prison plus eight years.

McKenzie contends the judgment should be reversed because:  (1) the prosecutor committed misconduct, (2) the trial court denied him the right to stipulate to and sanitize his prior conviction, and (3) these errors, considered cumulatively, denied him a fair trial.  He also contends the convictions on counts 7–9 must be vacated.  We vacate McKenzie's convictions on counts 7–9, and otherwise affirm.

FACTUAL AND PROCEDURAL HISTORY

McKenzie sexually abused his daughter for more than four years, beginning when she was five years old.  He put his tongue in her mouth.  He sucked on her breasts and licked her vagina.  He took pictures of her naked body, made her watch pornography, and forced her to orally copulate him.

Police arrested McKenzie and searched his computer.  They extracted hundreds of images of child pornography from the computer, including dozens showing him engaged in sexual acts with his daughter.  They also found pornographic images on his cell phone, including one showing a man's hand digitally penetrating his daughter.

Prosecutors charged McKenzie with five counts of lewd acts on a child, four counts of possession of child pornography with a prior, and four counts of oral copulation or sexual penetration of a child.  They also alleged that McKenzie had previously been convicted of child molestation, an offense that required him to register as a sex offender.  (See § 290, subd. (b).)

2

Prior to trial, defense counsel requested bifurcation on the issue of whether McKenzie had suffered a prior conviction that required him to register as a sex offender, and suggested that he would waive jury trial on the issue. The trial court said that bifurcation was not permitted because the conviction was an element of possession of child pornography with a prior, and asked if McKenzie wanted to stipulate to the conviction instead. Defense counsel asked to discuss the matter with McKenzie. The court said that he could do so and told the prosecutor to "[f]inish your proof up to the point of proving up the prior . . . . [¶] And then we're going to . . . pause for a moment and let [counsel] talk to [McKenzie]."

When testimony resumed, the prosecutor asked a detective if he had asked McKenzie if he was required to register as a sex offender. Defense counsel objected. During a conference at sidebar, the trial court told the prosecutor, "I thought we had agreed that before you went into this, you were going to give [defense counsel] an opportunity to talk to [McKenzie]." Defense counsel reiterated that he wanted to speak with his client. The court then clarified to the prosecutor: "This is what I was trying to convey, imperfectly. What I wanted you to do was finish the examination with this officer up to the point where . . . you're planning on proving up the prior . . . . Then we were going to stop."

The prosecutor responded that any "stipulation would have to include that [McKenzie is] a 290 registrant. And [defense counsel] has already indicated to me that [he] will not stipulate to anything that . . . include[s] that language. So . . . there's no need to have a conversation because I'm not going to stipulate without it."

3

Defense counsel disagreed that McKenzie was unwilling to stipulate to the prosecutor's proposed language, and again stated his desire to discuss the issue. After their discussion, counsel said that McKenzie would stipulate to his prior conviction. The prosecutor proposed that McKenzie stipulate that he "has a prior conviction that required him to register . . . as a sex offender" pursuant to section 290. When the trial court asked whether McKenzie would accept the proposed stipulation, he did not respond. The court concluded that the parties could not agree, and the detective's testimony resumed.

The prosecutor asked the detective if he had spoken with McKenzie about his prior conviction that required him to register as a sex offender. The detective said that he had, and that McKenzie admitted to him that he was convicted of molesting his then-girlfriend's daughter in 1990. The trial court admonished the jury that it could consider the detective's testimony solely to determine whether McKenzie had previously been convicted of an offense requiring him to register as a sex offender.

Jurors convicted McKenzie of all charges, and found true the allegation that he was previously convicted of child molestation. The trial court sentenced him to 15 years to life in state prison on his oral copulation or sexual penetration convictions, a consecutive eight years on the lewd act convictions, and a concurrent six years on the child pornography convictions.

## DISCUSSION

### *Prosecutorial misconduct*

McKenzie contends the prosecutor committed misconduct when he asked about McKenzie's prior child molestation conviction before McKenzie had the opportunity to

4

confer with counsel, in violation of the trial court's order.  This contention lacks merit.

"'A prosecutor who uses deceptive or reprehensible methods to persuade the jury commits misconduct.'" (*People v. Friend* (2009) 47 Cal.4th 1, 29 (*Friend*).)  "'[S]uch actions require reversal under the federal Constitution when they infect the trial with such "'unfairness as to make the resulting conviction a denial of due process.'" [Citations.]'" (*Ibid.*)  "'Under state law, a prosecutor who uses such methods commits misconduct even when those actions do not result in a fundamentally unfair trial.' [Citation.]" (*Ibid.*)  Misconduct is prejudicial under state law "if there was a 'reasonable likelihood of a more favorable verdict in the absence of the challenged conduct' and under federal law if [it] was not 'harmless beyond a reasonable doubt.' [Citation.]" (*People v. Rivera* (2019) 7 Cal.5th 306, 334.)

There was no misconduct here.  The prosecutor's question did not deny McKenzie the opportunity to stipulate to and sanitize his prior conviction; as we explain in the section below, he was not entitled to do so.  But even if we assume misconduct, it was not prejudicial.  Defense counsel objected to the question as soon as the prosecutor asked it, and before the detective could answer, minimizing any potential for harm.  Moreover, the prosecutor asked the detective the same question—without objection—after McKenzie had conferred with counsel.  It was only after this question that the detective told jurors about McKenzie's prior conviction.  McKenzie does not explain why the former question was unduly prejudicial while the latter question and answer were not.

*Stipulation to prior conviction*

McKenzie next contends the trial court erred when it denied his request to stipulate to "a prior conviction that required him to register under section 290" and instead permitted the prosecutor to present testimony about his child molestation conviction to the jury. But McKenzie did not respond when the court asked whether he would stipulate that he has a prior conviction that requires him to register as a sex offender. He thus cannot now claim that the trial court erred. (*People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 3 [doctrine of invited error prevents party from asserting error when their "'own conduct induces the commission of error'"].)

Even if he could, a trial court cannot enforce a proposed stipulation over the prosecutor's objection. (*People v. Rogers* (2013) 57 Cal.4th 296, 329.) And "[a] prosecutor is not required to stipulate to the existence of any elements of the crime [they are] attempting to prove where the stipulation will impair the effectiveness of the . . . case." (*People v. Robles* (1970) 2 Cal.3d 205, 213.) Here, a prior conviction for a crime requiring registration pursuant to section 290 is an element of possession of child pornography with a prior. (See § 311.11, subds. (a) & (b).) And child molestation is a crime requiring registration. (See § 290, subd. (c).) The prosecutor was thus not required to accept any proposed stipulation from McKenzie.

This case is unlike *People v. Sapp* (2003) 31 Cal.4th 240 and *People v. Valentine* (1986) 42 Cal.3d 170, on which McKenzie relies. In each of those cases, the defendant's status as an ex-felon was an element of the charged offense. (*Sapp*, at p. 260; *Valentine*, at p. 176.) Because "only the fact, [and] not the nature, of any prior 'conviction' [was] an 'element' of the . . .

6

charge" (*Valentine*, at p. 177), the defendants were permitted to stipulate to their prior convictions "without specifying the nature of the felon[ies] committed" (*Sapp*, at p. 262). Here, in contrast, the nature of a defendant's conviction is a "critical element" of section 290. (*People v. Cajina* (2005) 127 Cal.App.4th 929, 933.) It was thus necessary for jurors to know that McKenzie had been convicted of an offense requiring him to register as a sex offender. (*Id.* at p. 934.)

### *Cumulative prejudice*

McKenzie next contends the cumulative prejudice of the prosecutor's misconduct and the trial court's error in refusing his request to stipulate to and sanitize his prior conviction requires reversal. But the prosecutor's misconduct was nonprejudicial, and the court's refusal of his request was not error. McKenzie's claim of cumulative prejudice accordingly fails. (*People v. Koontz* (2002) 27 Cal.4th 1041, 1094.)

### *Counts 7 through 9*

Finally, McKenzie contends, and the Attorney General concedes, that his convictions on counts 7 through 9 must be vacated because possession of multiple images of child pornography constitutes a single violation of section 311.11, subdivision (b). We agree. (*People v. Manfredi* (2008) 169 Cal.App.4th 622, 633-634; *People v. Hertzig* (2007) 156 Cal.App.4th 398, 401-404.) Because McKenzie simultaneously possessed the images that formed the bases of counts 6 through 9, only one conviction is allowed. (*Manfredi*, at p. 624.)

7

DISPOSITION

The convictions on counts 7 through 9 are vacated.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.



TANGEMAN, J.


We concur:



GILBERT, P. J.



PERREN, J.

Michael D. Abzug, Judge

Superior Court County of Los Angeles

_____

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blythe J. Leszkay and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.